ISAAC JONES *vs.* ADDISON ILSLEY.

If a declaration is inserted in a writ before service, no addition to it can afterwards be made except by leave of court or by consent of the defendant.
Under one item of charge, as follows: " To goods sold, materials found, and work done," only one particular subject matter of charge can be proved.

CONTRACT. The declaration annexed to the writ contained four counts. The case was sent to an auditor. Another declara‑ tion was then found among the papers, not annexed to the writ, and not connected with the other declaration by words of refer‑ ence or otherwise, but which bore upon its back the words " at entry." The defendant had answered all the counts in the dec‑ laration annexed to the writ, but had made no answer to this declaration. At the trial in the superior court the defendant re‑ quested the court to instruct the jury that the second declaration was not properly before the court and should not be considered; but *Rockwell,* J., ruled otherwise. The defendant filed a decla‑ ration in set-off, one item of which was as follows: " To goods sold, materials found, and work done, $100." The plaintiff did not move for a more specific bill of particulars, but made answer thereto by a general denial. At the trial before the auditor the defendant, without objection, introduced evidence of several dis‑ tinct subject matters of charge, under said item, amounting in all to $103.17, and claimed that he should be allowed $100 but the item was disallowed. The verdict was for the plaintiff, and the defendant alleged exceptions. ⁰

*W. S. Gardner,* for the defendant.
*C. Cowley,* for the plaintiff.

CHAPMAN, J. By the practice act a declaration may be in‑ serted in the writ or filed with it at the entry. The clerk's cer‑ tificate is the regular evidence of the filing. But there cannot be two declarations, nor is a paper filed by merely folding it in the writ. And when a declaration is inserted in the writ be‑ fore service, no addition to it can afterwards be made but by leave of court appearing on record, or by written consent of the

defendant. The second declaration, which was discovered in the writ at the hearing before the auditor, ought therefore to have been rejected.

The item in the account in set-off, " to goods sold, materials found, and work done, $100," should not have been entirely rejected. In many cases, all these particulars may enter into a single item of charge. And any single thing of which that item gives reasonable notice might have been proved. But it appears that the auditor allowed the defendant to prove several particulars, with the various prices of the same, under this single item. This was erroneous. Under a single item in his bill the defendant should have been limited to the proof of a single article.

As there must be a new trial, the pleadings may be amended by the filing of new counts, if the plaintiff desires it: by the statement of such particulars as the defendant desires to prove in set-off, the court below fixing the terms; and the cause can then be tried on its merits. *Exceptions sustained.*